# IN THE COURT OF APPEALS OF IOWA

No. 23-0484
Filed October 25, 2023

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**SETH ANTHONY HANKINS,**
 Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.

A defendant appeals his sentence following his plea of guilty to driving while barred as a habitual offender. **AFFIRMED.**

Jessica Donels of Parrish, Kruidenier, Dunn, Gentry, Brown, Bergmann & Messamer, L.L.P., Des Moines, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Seth Hankins appeals his sentence following his plea of guilty to driving while barred as a habitual offender and driving while license was denied or revoked. His sole argument on appeal is that the district court abused its discretion in rejecting the recommended sentence and instead imposing a jail term. For the reasons discussed herein, and finding no abuse of discretion, we affirm the district court's judgment and sentence.

## I.     Background Facts and Proceedings

Hankins was charged by trial information dated November 14, 2022, with driving while barred as a habitual offender, an aggravated misdemeanor, and driving while license was denied or revoked, a serious misdemeanor. On January 4, 2023, Hankins filed a document indicating his intent to plead guilty as charged. A plea agreement jointly recommended a fine of $1000 on each count. The fine for the driving while barred as a habitual offender was to be paid on the date of the sentencing. The plea agreement reflected that the court was not bound by the plea agreement and could provide the maximum punishment allowed by law.

A sentencing hearing was held on March 22. Hankins filed three exhibits, which indicated payments toward outstanding fines and penalty by Hankins, those payments made March 7, March 8, and also on the day of the sentencing hearing.[1] The court entered a separate sentencing order for each count. As to Count I, the court's written sentencing order imposed a seven-day jail term and suspended the

---

[1] The record does not reflect what amount of fines and costs remained outstanding before the sentencing, if any.

fine. The order provided, in part, "Due to the Defendant's excessive fines the Court will not follow the plea agreement in this case." The sentencing order on Count II, which is not challenged on appeal, imposed a fine and surcharge. Hankins timely appealed the sentencing order as to Count I.

## II.     Standard of Review

We review sentences imposed in a criminal case for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). "We afford sentencing judges a significant amount of latitude because of the 'discretionary nature of judging and the source of the respect afforded by the appellate process.'" *State v. Fetner*, 959 N.W.2d 129, 133 (Iowa 2021) (citation omitted). Sentencing decisions that fall within the statutory limits are "cloaked with a strong presumption in [their] favor." *Id.* at 134 (citation omitted). Absent "an abuse of discretion or some defect in the sentencing procedure," we will not reverse a sentence. *Damme*, 944 N.W.2d at 103 (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). "An abuse of discretion occurs when the court exercises its discretion on grounds or for reasons that are clearly untenable or unreasonable. We may find grounds untenable when based on an erroneous application of the law." *State v. Thompson*, 951 N.W.2d 1, 4 (Iowa 2020) (quoting *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019)).

## III.     Analysis

Although Hankins has no right of direct appeal because he pled guilty, we have jurisdiction to hear his appeal as he challenges only his sentence. *See Damme*, 944 N.W.2d at 104.

Hankins alleges the district court abused its discretion "in rejecting the joint recommended sentence and imposing a sentence of 7 days of jail 'due to the defendant's excessive fines.'"  Because Hankins pled guilty to an aggravated misdemeanor, the district court had the discretion to sentence him to a maximum term of imprisonment of two years and a fine between $855 and $8540 or to impose a suspended sentence.  *See* Iowa Code §§ 903.1(2), 907.3 (2022).  The district court's imposition of the seven-day jail sentence with the fine suspended was within the statutory range of permissible sentences and is "cloaked with a strong presumption in its favor."  *Fetner*, 959 N.W.2d at 134.  "Our task on appeal is not to second-guess the sentencing court's decision."  *Damme*, 944 N.W.2d at 106.  Yet resentencing is required if the district court relied on an improper consideration at sentencing, even if the consideration was merely secondary.  *Id.*

In our analysis of the arguments presented in this appeal, we are guided by recent supreme court case law in *State v. McCalley*, 972 N.W. 2d 672, 678 (Iowa 2022), wherein our supreme court affirmed a six-day jail sentence.  But unlike the appellant in *McCalley* who argued the court improperly considered poverty a factor supporting incarceration, 972 N.W.2d at 677-78, Hankins argues that his recent payments toward his fines and penalty distinguishes his case.  Hankins does not argue that he could not pay the previous fines.

We highlight, as we have many times, that in reaching a sentencing decision, the district court must determine which legally authorized sentence for the offense "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others."  *See* Iowa Code § 901.5.  This requires the district court to

weigh multiple factors, "including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Damme*, 944 N.W.2d at 106 (quoting *Formaro*, 638 N.W.2d at 725). The district court also must "consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors." *Formaro*, 638 N.W.2d at 725.

We turn to whether Hankins has affirmatively demonstrated that the district court relied on an improper factor. *See Damme*, 944 N.W.2d at 106. Hankins points to the district court's consideration of "excessive fines." We do not have a transcript of the sentencing hearing. The written sentencing order indicates Hankins appeared personally, but also indicates Hankins waived his right to be personally present and waived reporting and any record or transcription of the hearing. So we are left with the written sentencing order for purposes of our review.

In formulating Hankins's sentence, the written sentencing order indicates the court considered the nature and circumstance of the crime, protection of the public from further offense, Hankins's criminal history, Hankins's propensity for further criminal acts, and the maximum opportunity for rehabilitation, along with Hankins's excessive fines, which we interpret as the court's consideration of Hankins's prior convictions and criminal history, as is permitted. Based on this record, and reading the sentencing order along with *McCalley*, we determine that Hankins has not shown the court considered an inappropriate sentencing factor. *See McCalley*, 972 N.W.2d at 678.

**IV.** **Conclusion.**

We conclude the district court did not abuse its discretion in imposing a seven-day jail sentence and affirm Hankins's sentence for the aforementioned reasons.

**AFFIRMED.**